UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CERDA GODINEZ,<br><br>    Plaintiff<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00314-RCJ-CSD<br><br>**Order**<br><br>Re: ECF Nos. 3, 4 |

Plaintiff, who is a prisoner in custody of the Nevada Department of Corrections, has filed an application to proceed in forma pauperis (IFP) and civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 1-1 .)

District Judge Jones screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment excessive force and failure to intervene in excessive force claim against defendants Edwards, Johnson, Weiland, Kleer, Rigney, and Guzman, based on an alleged incident of excessive force on January 29, 2021. Plaintiff was also allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe # 1 (when he identifies her), based on allegations that she knew of Plaintiff's injuries, but failed to provide him with medical treatment despite his requests. (ECF No. 6.)

Plaintiff has filed a motion for temporary restraining order and preliminary injunction. He seeks an order for his transfer to a medical yard for examination and treatment for his hand injury stemming from the excessive force incident. Plaintiff also states that since the incident, he has been retaliated against in the form of verbal harassment, false write ups, and cell searches. He asks for a transfer to stop this ongoing alleged retaliation. (ECF Nos. 3, 4.)

1    In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

"Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Id*. at 636 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Plaintiff's request for a transfer to receive medical care for his hand injury is related to both his excessive force and deliberate indifference claims. On the other hand, Plaintiff does not have any retaliation claims proceeding in this case, and the relief requested (transfer to stop retaliation) is not the relief that may be granted finally in this case. Therefore, the court will be recommending that aspect of Plaintiff's motion for temporary restraining order and preliminary injunction be denied. The court will ask for further briefing regarding Plaintiff's request for transfer to receive medical treatment for his hand.

Within **14 days** of the date of this Order, the Attorney General's Office shall advise the court whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of responding to Plaintiff's motion for temporary restraining order and preliminary injunction

insofar as Plaintiff requests transfer and treatment for his hand. If the Attorney General's Office is willing to enter a limited notice of appearance, then also within **14 days** of the date of this Order, the Attorney General's Office shall file a response to Plaintiff's motion. Again, the response shall address only Plaintiff's request for transfer for medical treatment of his hand. The Attorney General's Office shall file under seal any **relevant** medical records. Plaintiff may kite the warden's office to review any records filed under seal, and the Attorney General's Office shall ensure that Plaintiff is given a reasonable amount of time to review these records. Plaintiff will have **seven days** from the date he receives the response to file a reply brief. The court will then determine whether to hold a hearing.

The Clerk of Court shall electronically serve a copy of this Order, a copy of Plaintiff's complaint (ECF No. 7), a copy of the order screening the complaint (ECF No. 6), as well as a copy of Plaintiff's motion for temporary restraining order and preliminary injunction (ECF Nos. 3, 4) on the Nevada Attorney General's Office by adding the Nevada Attorney General's Office to the docket sheet. This will not constitute a general appearance.

The parties are advised that there is still a stay entered in this case while they participate in the court's early mediation program. As such, the parties shall not file any other documents with the court while the stay is in place except for the briefing as directed in this Order.

**IT IS SO ORDERED**.

Dated: February 2, 2022

_____
Craig S. Denney
United States Magistrate Judge