**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE CERDA GODINEZ,<br><br>　　Plaintiff<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>　　Defendants | Case No.: 3:21-cv-00314-RCJ -CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 3, 4 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for a temporary restraining order and preliminary injunction. (ECF Nos. 3, 4.)[1] Defendants filed a response. (ECF No. 15.) Plaintiff did not file a reply.

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 7.)

District Judge Jones screened Plaintiff's complaint and allowed him to proceed with Eighth Amendment excessive force and failure to intervene claims against defendants Edwards, Johnson, Weiland, Kleer, Rigney and Guzman. (ECF No. 6.) He was also allowed to proceed

---

[1] These motions are identical, but were docketed separately by the Clerk's Office.

with an Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe #1 when he identifies her. (ECF No. 6.)

Plaintiff alleges that on January 29, 2021, he was transferred to Ely State Prison (ESP) because of an alleged staff assault. On arrival to ESP, he claims he was ambushed by multiple CERT team officers because of the alleged assault. He was placed in a cell and was instructed to strip. Plaintiff began following these instructions. When Plaintiff had nothing but his shirt on and his hands on his head, he alleges that Guzman punched him twice in the stomach and then hit him in the face. Edwards then pulled his feet out from under him, causing his head to hit the bunk. Rigney then repeatedly punched and stomped Plaintiff on his face and head. While Edwards was cuffing Plaintiff, Guzman was punching Plaintiff's ribs and thigh. Plaintiff was allowed to stand up, and while he was handcuffed, Rigney and Guzman slammed Plaintiff's face and head against the wall. Guzman took the handcuffs off and twisted Plaintiff's hands backward up to Plaintiff's shoulder blade. Plaintiff previously had surgery on his right hand to replace joints. When Guzman twisted his hand, Plaintiff claims his joints popped back out. Guzman and Edwards then slammed his head again.

Plaintiff avers that he saw Jane Doe #1 medical nurse. Despite his bleeding and complaints of excruciating pain, the nurse said Plaintiff looked fine other than his eyes being dilated. Plaintiff claims the nurse refused to treat and document his medical needs. He claims he has had no medical treatment since then. His left eye goes blurry randomly, he has headaches, his hands go numb and cramp up, and he is in constant pain.

In his motion for a temporary restraining order and preliminary injunction, Plaintiff states that his right pinkie finger has lost movement and the ability to function. He requests an order that he be transferred to a medical yard at NNCC to be examined by a qualified specialist and for

a course of treatment, including an appropriate course of physical therapy designed to restore functioning of his hand. He also seeks transfer from the ongoing retaliation he has been subjected to in the form of false write ups and denial of the ability to appropriately grieve the false write ups, as well as daily harassment by ESP CERT team members.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should

be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

**A. Transfer as a Result of Alleged Retaliation**

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

Plaintiff requests an order that he be transferred due to ongoing retaliation by CERT members at ESP. Plaintiff is not proceeding with a claim for retaliation in this action. There is not a sufficient relationship between the injury claimed in his motion (retaliatory conduct) and the conduct asserted in the underlying complaint (excessive force and deliberate indifference to his medical needs). The type of relief requested here—transfer due to retaliatory conduct—is not the same character of relief that might be granted if Plaintiff is successful on the claims proceeding in this case.

Therefore, to the extent Plaintiff requests an order that he be transferred to avoid further retaliatory conduct at ESP, his motion should be denied.

**B. Transfer for Medical Examination and Course of Treatment**

Defendants are correct that Plaintiff does not address the *Winter* factors. The claim at issue here is the alleged Eighth Amendment deliberate indifference to his serious medical need. He has not demonstrated he is likely to succeed on the merits of this claim. Nor does he provide sufficient evidence to establish he is likely to suffer irreparable harm in the absence of injunctive relief. He claims that NDOC has ignored his requests for treatment for his hand, but in support of his motion he submits only one inmate request form that appears to have been submitted in August of 2021. (ECF No. 3 at 6.) He speculates that his hand will likely require surgery, but provides no explanation or evidence for why this is the case.

Plaintiff's request for injunctive relief in the form of an order requiring his transfer to a medical facility for evaluation and treatment by a specialist should be denied.

While Plaintiff did not meet his burden in this motion, the court is concerned about whether there is in fact deliberate indifference to his hand injury. Therefore, Plaintiff may renew his request with a properly supported motion that addresses the *Winter* factors and is limited to relief that has a sufficient nexus to the claims proceeding in this action.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF Nos. 3, 4).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 1, 2022

_____
Craig S. Denney
United States Magistrate Judge